UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Caleb Evans,

        Plaintiff,

v.

LNV Corporation,

        Defendant.

_____/

Case No. 12-12287

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [2]**

Before the Court is Defendant LNV Corporation's motion to dismiss Plaintiff Caleb Evan's foreclosure-related complaint.[1] (Dkt. 2.) Having reviewed the pleadings, the Court finds that a hearing is not necessary in its disposition of the case. The Court therefore dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). Because Plaintiff fails to state a plausible claim with his complaint, the Court GRANTS Defendant's motion to dismiss.

I.    **Facts**

    **A. Plaintiff's complaint**

Plaintiff seeks to recover property at 250 Madeleine Lane, in Waterford, Michigan that was foreclosed upon, sold at a sheriff's sale, and ultimately assigned to Defendant.

_____

[1]The Court is aware, as Defendant points out, that Plaintiff's counsel has filed this exact complaint with different plaintiffs throughout this district and that the courts that have addressed this complaint have dismissed it summarily. *See Enyia v. Federal Home Loan Mortg. Corp.*, 12-12118, 2012 WL 3779188 (E.D.Mich. Aug. 31, 2012) (Battani, J.) *See also Smith v. Fannie Mae*, 11-15560, 2012 WL 3758087 (E.D.Mich. Aug. 30, 2012) (Roberts, J.) *and Saxton v. Wells Fargo, N.A.*, 12-11670, 2012 WL 3568806 (E.D.Mich. Aug. 17, 2012) (Cohn, J.) (All dismissing identical complaints filed by Plaintiff's counsel.).

(Compl. ¶ 5.)  Plaintiff states that he had purchased that property and that he currently resides in the property. (Comp. ¶ 8.)

Plaintiff does not state the exact date, but he alleges that he "attempted to get a loan modification and/or negotiate in good faith a settlement for the subject property."  (Compl. ¶ 9.)  Given the Court's familiarity with these mortgage causes, the Court understands that Plaintiff implies that he fell behind on some sort of payment for his property.

Plaintiff then states that a sheriff's sale was held in 2011.[2]  (Compl. ¶ 10.)  Plaintiff alleges that, since the sheriff's sale, he "attempted in good faith to continue with the [s]ettlement process[,] to no avail."  (*Id.* ¶ 11.)  Plaintiff notes that the redemption period for the sheriff's sale has expired.  (*Id.* ¶ 12.)

Plaintiff finally alleges that Defendant "must be ordered to continue the processing of the [l]oan [m]odification and/or negotiate in good faith a settlement on the subject property so that [Plaintiff] can enter into a [l]oan [m]odification."  (Compl. ¶ 13.)

Plaintiff requests that the Court award Plaintiff: all legal title to the property; damages; attorneys' fees and costs; and any other relief the Court finds just and equitable.  (Compl. ¶ 17.)

### B.  Facts from Defendant's motion

Defendant provides a more thorough background in its motion.  Defendant states that, on May 31, 2007, Plaintiff received a loan for $392,000.00 from Main Street Bank.  (Def.'s Mot. to Dismiss at 2, Ex. A.)  Defendant adds that the mortgage was secured by the

---

[2]In its notice of removal, Defendant has attached the Sheriff's Deed on the mortgage foreclose.  (Dkt. 2, Notive of Removal, Ex. B.)  The Sheriff's Deed was executed on November 15, 2011 and recorded on November 29, 2011.  (*Id.*)

Madeleine Lane property.  (*Id.*)  Defendant also adds that the mortgage was assigned to it on August 24, 2009 and Defendant explains that the assignment was recorded on September 9, 2009.  (*Id.*, Ex. B.)

Defendant states that "Plaintiff does not dispute . . . that he defaulted on his obligations under the [m]ortgage."  (Def.'s Mot. to Dismiss at 2.)  Defendant states that it foreclosed on the property by advertisement and then states that, on November 15, 2011, it purchased the property  at the sheriff's sale and that it then received the sheriff's deed. (*Id.*)  Defendant adds that the statutory redemption period expired on May 15, 2012, and that Plaintiff did not redeem the property and instead chose to file the present lawsuit, on April 17, 2012.  (*Id.*)

## II.   Rule 12(b)(6) motion to dismiss standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft*

3

*v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1950 (internal quotation marks and citation omitted).  Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted).  Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Under rule 12(d), if on a Rule 12(b)(6) motion , a party presents documents or other evidence outside the pleadings, a court must treat the motion as one for summary judgment under Rule 56.  Fed. R. Civ. P. 12(d).  But if the documents or evidence attached are referred to in the complaint and central to the claim, then the documents are a part of the pleadings and the court does not have to convert the 12(b)(6) motion into a motion for

4

summary judgment.  *Campbell v. Deutsche Bank Nat'l Trust Co.*, No. 11-10068, 2011 WL 2533577, at *2 (E.D.Mich. June 27, 2011) (Rosen, C.J.) (citations omitted).

## III.   Analysis

Plaintiff asserts four claims against Defendant: quiet title; unjust enrichment; breach of implied agreement/specific performance; and breach of Michigan Compiled Law § 600.3205c.  These claims fail because, under Michigan law, Plaintiff failed to redeem the property within the statutory redemption period, and under federal law, Plaintiff has failed to allege facts supporting his claims necessary to survive a Rule 12(b)(6) motion.

### A. Plaintiff failed to redeem the property within the statutory redemption period

Defendant first argues that Plaintiff lacks standing to sue because the statutory redemption period has expired.  (Def.'s Mot. to Dismiss at 4.) Defendant argues that Plaintiff lacks standing to sue under Michigan law.  *See Morell v. Star Taxi*, 343 F.App'x 54 (6th Cir. 2009) ("When jurisdiction is premised on diversity of citizenship, a plaintiff must have standing under both Article III and state law in order to maintain a cause of action."). While the Court does not entirely agree with the way Defendant has phrased its argument–in terms of 'standing'–the Court does agree that Plaintiff's failure to redeem the property within the statutory redemption period and his failure to allege fraud or irregularity adequately does require dismissal of his case.

Defendant relies on *Overton v. Mortgage Electronic Registration System, Inc.*, 284950, 2009 WL 1507342 (Mich. Ct. App. May 28, 2009) to support its argument that Plaintiff lacks standing to challenge the foreclosure sale because the redemption period expired.  The *Overton* court addressed a plaintiff's challenge to a foreclosure once the

5

statutory redemption period expired. *Id.* at *1. The court held that "[o]nce the redemption period expire[s], all of [the] plaintiff's right[s] in and title to the property [are] extinguished." *Id.* The court further stated "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Id.* (citation omitted). The court couched the terms of its dismissal on the plaintiff's lack of "standing."

*Awad v. General Motors Acceptance Corp.*, 302692, 2012 WL 1415166, at *3 (Mich. Ct. App. Apr. 24, 2012) applied *Overton*'s holding, dismissed the case due to a lack of "standing," and restated that Michigan law does not set aside a foreclosure absent a clear showing of fraud or irregularity. The *Awad* court concluded that, although the plaintiff filed suit before the end of the redemption period, the fact that the plaintiff did not redeem the property before the redemption period ended the plaintiff's lawsuit. *Id.* at *4.

Federal courts in Michigan have disagreed on how to view the *Overton* opinion. At least one federal court in Michigan has addressed courts' use of lack of "standing" to dismiss these mortgage-related claims. In *Langley v. Chase Home Fin. LLC*, No. 10-604, 2011 WL 1130926, at *2 n 2 (W.D.Mich. Mar. 28, 2011) (Jonker, J.), the court discussed *Overton* and held that the "standing" discussion that many defendants raise is a bit of a red herring, and that courts should view *Overton* as a merits decision and not a standing decision: "Many [d]efendants suggest the basis for the ruling in *Overton* is a lack of [a p]laintiff's standing once the redemption period expires, but the [Michigan court of appeals] does not actually say this. Nor would it seem like Article III standing could possibly be in doubt. After all, the [p]laintiffs in such cases are the last lawful owner and possessor of the

6

property.   Moreover, they often remain in continuing possession of the property notwithstanding any [s]heriff's sale and expiration of a redemption period.   Moreover, [p]laintiffs in such cases claim a continuing right to lawful ownership and possession based on defects in the process used by [d]efendants to divest them of those rights.   This certainly seems to satisfy this basic Article III requirement of "injury in fact," as well as any prudential considerations tied to a "zone of interests" analysis.   Indeed, it is hard to imagine a person with a better claim to standing to challenge the process at issue.   Of course, having standing to bring a claim does not mean you have a valid claim on the merits.   That is a different question.   *Overton* is best viewed as a merits decision, not a standing case." (*Id.*) The Court agrees with the *Langley* court, but again, finds *Overton* persuasive in this case as Plaintiff's claim lacks merit.   *See also Nett v. Wells Fargo Home Mortg., Inc.*, No. 10-15058, 2011 WL 1519166, at *3 (E.D.Mich. Apr. 20, 2011) (Battani, J.) (holding that a plaintiff can challenge a foreclosure sale after redemption upon a showing of fraud or irregularity." ("[T]he mortgagor may hold over after foreclosure by advertisement and test the validity of the sale in the summary proceeding."   *Id.* (citation omitted).   Without such an exception, "the typical mortgagor who faces an invalid foreclosure would be without remedy, being without the financial means to pursue the alternate course of filing an independent action to restrain or set aside the sale."   *Id.* (citation omitted).   Courts in this district have also found that "a very good reason may mandate setting aside a foreclosure sale."   *Id.* (quotation marks and citations omitted). *See also Saxton v. Wells Fargo, N.A.*, 12-11670, 2012 WL 3568806, at *5 (E.D.Mich. Aug. 17, 2012) (Cohn, J.) (holding, in similar circumstances, that after the statutory redemption period, the plaintiff cannot challenge defects in the sale, absent a strong showing of fraud or irregularity.).

7

Plaintiff failed to redeem the property.  As a result, the foreclosure deed became "operative" and "all the right, title, and interest," in the property vested in Defendant.  Mich. Comp. Law § 600.3236.  See  *Williams v. U.S. Bank Nat'l Ass'n*, No. 10-14967, 2011 WL 2293260, at *1 (E.D. Mich. June 9, 2011) (O'Meara, J.) (citing *Moses, Inc. v. Southeast Mich. Council of Gov'ts*, 716 N.W.2d 278, 286 (Mich.Ct.App. 2006)) (holding, "[o]nce the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished.").  See also *Nafso  v. Wells Fargo Bank, NA*, No. 11-10478, 2011 WL 1575372, at *2 (E.D. Mich. Apr. 26, 2011) (Cohn, J.) (citation omitted) (holding that, after the redemption period has expired, the right, title, and interest in the property is then in the purchaser of the sheriff's deed's hands.).

Plaintiff therefore has the burden to plead a strong showing of fraud or irregularity. He has failed to do so here.  Plaintiff's fraud claim fails because it does not meet the particularity requirements Federal Rule of Civil Procedure 9(b) imposes on a fraud claim. To meet the particularity requirements of Rule 9(b), Plaintiff must "(1) specify the statements that [Plaintiff] contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal quotation marks and citation omitted).  At a minimum, Plaintiff "must allege the time, place and contents of the misrepresentations upon which [he] relied."  *Id.*  Plaintiff "also must allege facts from which it could be concluded that [] reliance was reasonable."  *Issa v. Provident Funding Group, Inc.*, No. 09-12595, 2010 WL 538298, at *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)).  "The threshold test is whether the complaint places the defendant on sufficient notice of the

8

misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations" and stating that "[the plaintiffs] cannot merely recite a statute, claim it has been violated, and expect to survive a motion to dismiss."). *See also Ass'n of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citation omitted) (holding that a plaintiff's pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.")

Plaintiff alleges fraudulent, or intentional, misrepresentation.[3] Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that [s]he thereby suffered injury. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (quoting *Chandler v. Heigho*, 175 N.W. 141, 143 (Mich. 1919)). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Plaintiff's allegations fail to meet the particularity requirements. He has not alleged the time, place, speakers, or why the statements were fraudulent. He merely recites the

---

[3]Plaintiff raises this claim in his response to Defendant's motion to dismiss. (Pl.'s Resp. at 5.) He also hints at fraud in his complaint.

9

general elements of a fraud claim.  The Court agrees with the line of cases that hold that someone in Plaintiff's position cannot sustain a cause of action after a redemption period expires absent fraud or irregularity.  Plaintiff's claims fails.  The Court nonetheless addresses Plaintiff's specific claims.

### 1.  Plaintiff fails to state a claim for quiet title

Plaintiff makes three statements in his quiet title claim.  He first states that the actions that Defendant took were "intentionally designed to preclude [] Plaintiff from entering into a [l]oan [m]odification or a negotiated settlement to keep possession of his home." (Compl. ¶ 15.)  Plaintiff then states that Defendant proceeded to foreclose upon the property.  (*Id.* ¶ 16.)  And Plaintiff finally states that Defendant's conduct resulted in Defendant currently taking title to the property by way of a Sheriff's Deed.  (*Id.* ¶ 17.)

Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Mich. Comp. Law § 600.2932(1).  Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title.  *Stinebaugh v. Bristol*, 347 N.W.2d 219, 221 (Mich.Ct.App. 1984).  If the plaintiff makes out such a case, then the defendant has the burden or proving a superior right or title in itself.  *Beulah Hoagland Appleton Qualified Pers. Residence Trust. v. Emmet Cnty. Rd. Comm'r*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).  To establish a prima facie case of title courts have found that plaintiffs that "describe[] the chain of title through which they claim ownership of the disputed [property]" or "provide[] . . . a copy of a mortgage" satisfy the prima facie elements.  *Id.* at 700-01, *Johns v. Dover*, No. 291028, 2010 WL 2696656, at *1 (Mich. Ct. App. July 8, 2010).

Plaintiff has not met his burden. He has failed to establish a prima facie case of title, and indeed, admits that the redemption period has expired and that Defendant has title. (Compl. at 2.)  This claim fails.

### 2.  Plaintiff fails to state a claim for unjust enrichment

To support his unjust enrichment claim, Plaintiff states that, if the Sheriff's Deed were to stand, then Defendant would be unjustly enriched in excess of $25,000.00 and Plaintiff would suffer a loss in that same amount, in addition to the loss of his home.  (Compl. ¶ 21.)

For Plaintiff to succeed on his unjust enrichment claim, he must prove: "(1) receipt of a benefit by [Defendant] from [Plaintiffs] and (2) an inequity resulting to [Plaintiffs] because of the retention of the benefit by [Defendant]."  *J&J Plumbing & Heating, LLC v. Tate*, Nos. 277824, 279838, 2008 WL 4891807, at *4 (Mich. Ct. App. Nov. 13, 2008) (citation omitted).

Plaintiff has made no allegations in support of his claim; the claim therefore fails.

### 3.  Plaintiff fails to state a claim for breach of implied agreement/specific performance

In this claim, Plaintiff realleges that Defendant failed to enter into a loan modification for the property.  Plaintiff claims superior title to the property because of: "Fee Simple Absolute and Unjust Enrichment, Breach of Implied Agreement, Misrepresentation, Fraud and Constructive Trust on the part of the Defendant[.]" (Compl. ¶ 26.)

"To properly state a claim for breach of an implied contract, the plaintiff has to provide specific facts which indicate a mutual agreement."  *Smith v. Fannie Mae*, 11-15560, 2012 WL 3758087, at *5 (E.D.Mich. Aug. 30, 2012) (Roberts, J.) (citations omitted).  Plaintiff additionally has to comply with the Michigan Statute of Frauds, which "prohibits any action against a financial institution . . . to enforce a promise or commitment to modify a loan

11

agreement unless it is in writing." *Saxton v. Wells Fargo, N.A.*, 12-11670, 2012 WL 3568806, at *5 (E.D.Mich. Aug. 17, 2012) (Cohn, J.)  The statute provides, in relevant part:

> An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by financial institution:
>
> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
>
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Law § 566.132(2).  "Michigan courts have applied section 566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the bank." *Saxton*, 2012 WL 3568806, at *6 (citation omitted) (dismissing the plaintiff's complaint because the plaintiff did not allege any writing signed by the defendant financial institution confirming a loan modification.).

Here, Plaintiff has not pleaded a specific agreement to modify the loan, nor has Plaintiff, as in *Saxton*, alleged any writing that would satisfy the statute of frauds.  The Court therefore dismisses Plaintiff's breach of implied agreement/specific performance claim.

### 4.  Plaintiff fails to state a claim under Michigan Compiled Law § 600.3205c

Plaintiff alleges that Defendant has violated Michigan law regarding loan modification proceedings.  Plaintiff specifically alleges that Defendant violated Michigan Compiled Law § 600.3205c when it failed to modify his loan.  (Compl. ¶ 30.)  That allegation is the only one that Plaintiff makes in connection with his § 600.3205c claim.

12

The statute provides the following relief:

> (8) If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1) and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c.

Courts in this district have held that a violation of § 600.3205c is "insufficient to set aside a completed foreclosure sale." *Block v. BAC Home Loans Servicing, LP*, 11-11181, 2012 WL 2031640, at *5 (E.D.Mich. June 6, 2012) (Duggan, J.) (And holding, "even if Defendants violated the loan modification statute, the relief available was to file an action to convert the foreclosure by advertisement to a judicial proceeding."). *See also Adams v. Wells Fargo Bank, N.A.*, 11-10150, 2011 WL 3500990, at *4 (E.D.Mich. Aug. 10, 2011) (Battani, J.) (Holding that, "[e]ven if Plaintiff is correct about Defendant's failure to agree to a modification, he failed to show that he is entitled to the requested relief. The plain language of § 600.3205c(8) limits his relief. [The statute] does not authorize the Court to set aside the foreclosure. . . . The governing provision allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.").

Here, then, the Court cannot provide the relief that Plaintiff requests from Defendants' alleged § 600.3205c violation. The Court therefore dismisses Plaintiff's § 600.3205c claim.

### 5.  Plaintiff fails to state a claim under Michigan Compiled Law § 600.3205a

13

In his response, Plaintiff mentions Michigan Compiled Law § 600.3205a, Michigan's foreclosure by advertisement law. Even if Plaintiff had alleged this claim in his complaint, the claim fails. Plaintiff fails to support his claim with any allegations that would support a violation of this law.

## IV. Conclusion

For the above-stated reasons, the Court GRANTS Defendant's motion to dismiss with prejudice.

So ordered.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 13, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 13, 2012, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager

14